**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**ALAN HAUSLADEN**,

    Plaintiff,

vs.                                                                                  No. CV 08-00024 MCA/WDS

**PUBLIC SERVICE COMPANY OF NEW MEXICO,
GARY BOYLE, MARY E. HOMAN, MADONNA
BIXBY, DAVID W. KING, CATHLEEN CATANACH,
BENJAMIN PHILLIPS, CAROLYN R. GLICK,
REBECCA CARTER, R. PRASAD POTTURI,
DAHL L. HARRIS,**

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on *Defendants Public Service Company of New Mexico, Gary Boyle, Mary E. Homan, Madonna Bixby, Benjamin Phillips and Rebecca Carter's Motion to Dismiss* [Doc. 16], filed February 1, 2008, and *Defendants David W. King, Cathleen Catanach, Carolyn R. Glick, R. Prasad Potturi and Dahl L. Harris' Motion to Dismiss* [Doc. 17], filed February 7, 2008.  Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court grants both motions.

**I. BACKGROUND**

On January 9, 2008, *pro se* Plaintiff Alan Hausladen filed a document captioned *Quo Warrento [sic] Complaint* against Defendants Public Service Company of New Mexico

("PNM"); Gary Boyle; Mary Homan; Madonna Bixby; David King; Cathleen Catanach; Benjamin Phillips; Carolyn Glick; R. Prasad Potturi; and Dahl Harris ("the individual defendants"). The individual defendants all are employed either by PNM[1] or by the State of New Mexico through its Public Regulatory Commission.[2] [See generally Doc. 1].

While Mr. Hausladen's complaint is a 17-page-long ramble of unintelligible and incomprehensible "allegations," the Court gleans from other pleadings in the record that the basis of Mr. Hausladen's grievance is his belief that he is being—or has been—overcharged for electricity.[3] Mr. Hausladen appears to seek damages in the total amount of $240,000.[4] [Doc. 1 at 16]. Defendants now move to dismiss for (1) lack of subject matter jurisdiction;

---

[1] Boyle, Homan, Bixby, Phillips, and Carter.

[2] King, Catanach, Glick, Potturi, and Harris.

[3] In an undated letter to the New Mexico Public Regulation Commission, Mr. Hausladen wrote:

> Dear New Mexico Public Regulation Commission David King;
>
> I am filing a formal complaint and enclosing the $25.00 Filing fee with a United States Postal Money Order. I simply want one request, calibrate the electric meter On my house according to the book "HANDBOOK FOR ELECTRICAL METERMEN." I am being grossly overbilled. The most I should be billed in one day is 24 hours. I am being billed almost 150 kilowatts in one day. This is Fraud, Bladckmail and Extortion. My bills to PNM are being paid with a United States Postal Order and endorsed with "Paid under Blackmail, Fraud, Extortion."

[Doc. 1; Exh. 2].

[4] The individual defendants read Mr. Hausladen's complaint as seeking damages in the amount of $40,000, but the Court believes that Mr. Hausladen actually is seeking $40,000 for "each proven-claim." [See Doc. 1 at 16]. In any event, for purposes of amount in controversy, the Court will treat the complaint as pleading damages in excess of $75,000.

(2) failure to state a claim upon which relief can be granted; and (3) failure to comply with the notice-pleading requirements of Fed.R.Civ.P. 8(a). [See generally Docs. 16, 17].

## II. ANALYSIS

### A. Subject-Matter Jurisdiction

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States[,]"as well as "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States. . . ." 28 U.S.C. §§ 1331, 1332(a)(1). At the same time, the jurisdiction of the federal courts is limited, and the party invoking that jurisdiction bears the burden of demonstrating its existence. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005). That party "'must allege in his pleading the facts essential to show jurisdiction.'" Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991) (quoting McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936)). Finally, should the Court determine that it lacks subject-matter jurisdiction, it must dismiss the action. Fed.R.Civ.P. 12(h)(3).

In the instant case, the Court is unable to discern from Mr. Hausladen's *Quo Warrento* [sic] *Complaint* any basis for the assertion of federal-question jurisdiction. Similarly, while Mr. Hausladen appears to seek damages in excess of the minimum amount in controversy of $75,000, he has not shown or even alleged that he and Defendants are citizens of different states. Because Mr. Hausladen has not satisfied his burden of demonstrating the existence of federal jurisdiction, the action must be dismissed.

**B.     Failure to State a Claim Upon which Relief Can be Granted**

Alternatively, even if the Court were able to assert jurisdiction over this matter, the complaint would be dismissed for failure to state a claim upon which relief could be granted. See Fed.R.Civ.P. 12(b)(6).  To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1969 (2007).  In other words,

> a plaintiff must "nudge [ ] [his] claims across the line from conceivable to plausible" in order to survive a motion to dismiss.  Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.

Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (*quoting* Twombly, 127 S.Ct. at 1974) (emphasis in original).

Even according Mr. Hausladen's *Quo Warrento* [sic] *Complaint* the liberal interpretation to which it is entitled, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), any allegations or pleadings that may be contained therein are entirely incomprehensible.  Thus, the Court determines that Mr. Hausladen has failed to nudge his claims across the line from conceivable (or even existent) to plausible.   See Twombly, 127 S.Ct. at 1974; see also Greenlee v. United States Postal Service, 247 Fed.Appx. 953, 954 (10th Cir. 2007) (affirming district court's Rule 12(b)(1) and (6) dismissal of *pro se* plaintiff's complaint and noting that, even under less stringent standard due pro se pleadings, "the virtually incomprehensible allegations .. . set forth in [the plaintiff's] filings" could not survive a motion to dismiss).

### III. CONCLUSION

Because *pro se* Plaintiff Alan Hausladen has not demonstrated the existence of either federal-question of diversity jurisdiction here, this action must be dismissed for lack of subject matter jurisdiction. Even if the Court were able to assert jurisdiction over this matter, it would demand dismissal for failure to state a claim upon which relief could be granted.

**IT IS, THEREFORE, ORDERED** that *Defendants Public Service Company of New Mexico, Gary Boyle, Mary E. Homan, Madonna Bixby, Benjamin Phillips and Rebecca Carter's Motion to Dismiss* [Doc. 16] is **GRANTED**;

**IT IS FURTHER ORDERED** that *Defendants David W. King, Cathleen Catanach, Carolyn R. Glick, R. Prasad Potturi and Dahl L. Harris' Motion to Dismiss* [Doc. 17] is **GRANTED**.

**SO ORDERED** this 24th day of April, 2008, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge